U S. DISTRICT COURT E.D.N.Y
★ JUL 08 2009 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

MONA GEORGES, individually and on behalf of
any and all similarly situated consumers,

                        Plaintiff,

          -against-

HEALTHCARE REVENUE RECOVERY GROUP,
LLC, TEAMHEALTH, and JOHN and/or JANE
DOES 1 – 10,

                        Defendant(s).

---------------------------------------------------------------X

Civil Action No.:

**CLASS ACTION COMPLAINT** 09 2913

**DEMAND FOR JURY TRIAL**

GLEESON, J.

CARTER, M.J.

       Plaintiff MONA GEORGES ("Plaintiff" and/or "Georges"), by and through its

attorneys, M. Harvey Rephen & Associates, P.C., as and for its Complaint against the

Defendant HEALTHCARE REVENUE RECOVERY GROUP, LLC ("HRRG") and

TEAMHEALTH (TH), and JOHN and/or JANE DOES 1–10 ("Does") (HRRG, TH, and Does

hereinafter individually and jointly referred to as Defendant(s)"),  respectfully sets forth,

complains and alleges, upon information and belief, the following:

### INTRODUCTION/PRELIMINARY STATEMENT

     1.    Plaintiff brings this action on his/her own behalf and on behalf of all others

similarly situated for damages and declaratory and injunctive relief arising from the

Defendant's violation(s) of §1692 et seq. of Title 15 of the United States Code, commonly

referred to as the Fair Debt Collections Practices Act ("FDCPA").

### PARTIES

     2.    Plaintiff is a resident of the State of New York, County of Queens, residing at

9027 198th St., Apt. 4, Hollis, New York, 11423-2712.

     3.    Defendant HRRG is a  corporate division of Teamhealth a Tennessee

1

Corporation providing, amongst other things, debt collection legal services to third–parties, as well as engaged in the business of collecting debts, with a principal place of business located at 1900 Winston Rd., Suite 300, Knoxville, TN 37919.

4.     HRRG and TH are a "debt collector" as the phrase is defined and used in the FDCPA.

## JURISDICTION AND VENUE

5.     The Court has jurisdiction over this matter pursuant to 28 USC §1331, as well as 15 USC §1692 et seq. and 28 U.S.C. §2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

6.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## ALLEGATIONS FOR CLASS ACTION

7.     Plaintiff brings this action as a class action, pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 23 on behalf of himself/herself and all persons/consumers, along with their successors in interest, who have received similar debt collection notices and/or letters/communications from the Defendant which, as alleged herein, are in violation of the FDCPA, as of the date of Plaintiff's Complaint (the "Class"). Excluded from the Class is the Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of PRA and the Does.

8.     This Class satisfies all the requirements of FRCP Rule 23 for maintaining a class action.

9.     The Class is so numerous that joinder of all members is impracticable. Upon information and belief, hundreds of persons have received debt collection notices and/or

2

letters/communications from the Defendant which violates various provisions of the FDCPA.

10.     The debt collection notices and/or letters/communications from the Defendant, received by the Class, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer".

11.     There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation: (i) Whether the Defendant violated various provisions of the FDCPA; (ii) Whether Plaintiff and the Class have been injured by the Defendant's conduct; (c) Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and, (iv) Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

12.     Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

13.     A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA as codified by 15 USC §1692(k).

14.     The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

15.     Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of

3

inconsistent or varying standards for the parties.

16.     A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

17.     Plaintiff will fairly and adequately represent the Class members' interests in that the Plaintiff's counsel is experienced and, further, anticipates that no impediments in the pursuit and maintenance of the class action as sought herein.

18.     Absent a class action the Class members will continue to suffer losses borne from Defendant's breaches of their statutorily protected rights as well as monetary damages, this allowing and enabling the Defendant's conduct to proceed and further enjoy the benefit of its ill-gotten gains.

19.     Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## FACTUAL ALLEGATIONS

20.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "19" herein with the same force and effect as if the same were set forth at length herein.

21.     On information and belief, on a date better known to the Defendant, Physician Services ("PS") retained the Defendant to begin collecting an alleged consumer

4

debt from the Plaintiff ("PS Debt").

22.    On information and belief, on a date better known to the Defendant, Defendant began collecting an alleged PS Debt/consumer debt from the Plaintiff.

23.    On or about September 30, 2008, the Defendant sent the Plaintiff a collection letter ("September Letter").

24.    The September Letter is a mass-produced computer generated communication. This was the first written letter received by the Plaintiff from the defendant.

25.    The September Letter has printed in the upper left under the Plaintiffs address, Re: Validation Notice in bold letters. Nowhere in body of the September Letter was there anything to do with a "validation notice" and instead referenced who HRRG was and that the Plaintiff owed a debt to Physician Services. The letter demanded payment for $430 dollars.

26.    The September Letter was devoid of any explanation of what the validation notice referenced, and was led to believe that the general facts of who HRRG was and that the Plaintiff owed a debt to Physician Services was meant as the validation notice.

27.    The September Letter did have the required validation notice on the back of the letter but was not labeled as the validation notice.

28.    The September Letter was deceptive and misleading as to what the validation notice consisted of and therefore violated 15 USC §1692e – preface and 1692(10).

29.    The Plaintiff, on November 5th 2008, received an insurance check for the amount of $376 dollars. At 10:10am on the same day the Plaintiff called the Defendants and spoke to a debt collector named Patricia. The required warnings under 15 USC §1692e(11) and notifications were not given by the Defendant to the Plaintiff.

5

30. The Plaintiff was told by Patricia that since the check was in the Plaintiff's name, the Plaintiff needed to cash it and then pay the Defendants with a credit card. The Plaintiff then discussed the fact that the Plaintiffs insurance company never pays the full hospital bill and the providers always accept the insurance amount on the check as full payment. Patricia stated that she would accept the $376 as full payment. There after the Defendants collected $376 dollars on November 25th 2008 from the Plaintiffs credit card.

31. Thereafter, the Plaintiff received another letter from the Defendant's dated February 13, 2009, (February Letter) and demanding a further payment of $64 dollars. The September Letter is a mass-produced computer generated communication. The February Letter had a validation notice on the back. The demand by the Defendant's for further payment violated 15 USC §1692e preface and 1692e(10).

32. Further, the validation notice in the February letter confused the Plaintiff as to whether or not the Plaintiff could or could not dispute the validity of the debt or any portion thereof, as the Plaintiff has already been given this warning in the September letter and did not then dispute the debt. The Plaintiff however having been deceived by the Defendant's now wished to dispute the debt.

33. By including a second validation notice in the February Letter the Defendants violated 15 USC §1692g and 1692e –preface and 1692e10.

34. The Plaintiff further tried to resolve this issue and call the defendant's on June 30th 2009, and July 2nd, 2009. In both conversations the defendant failed to provide the required warnings under 15 USC §1692e(11), and again demanded further payment.

35.    As a result of Defendant's abusive, deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

6

## FIRST CAUSE OF ACTION
### (Violations of the FDCPA)

36.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "35" herein with the same force and effect as if the same were set forth at length herein.

37.     Defendant's debt collection efforts attempted and/or directed towards the Plaintiff and/or the Class violate various provisions of the FDCPA, including but not limited to 15 USC §1692e preface, 1692e(10),1692(e)(11), 1692g.

38.     As a result of Defendant's violations of the FDCPA, Plaintiff and the Class have been damaged and are entitled to damages in accordance with the FDCPA.

## DEMAND FOR TRIAL BY JURY

39.     Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff MONA GEORGES, on its behalf and on behalf of the members of the Class, demands judgment from the Defendants HEALTHCARE REVENUE RECOVERY GROUP,LLC, TEAMHEALTH, and JOHN and/or JANE DOES 1–10 as follows:

A.     For actual damages provided and pursuant to 15 USC §1692k(a)(1);

B.     For statutory damages provided and pursuant to 15 USC §1692k(2)(A);

7

C.    For statutory damages provided and pursuant to 15 USC §1692k(2)(B);

D.    For attorneys' fees and costs provided and pursuant to 15 USC

§1692k(a)(3);

E.    A declaration that the Defendants' practices violated the FDCPA; and,

F.    For any such other and further relief, as well as further costs,

expenses and disbursements of this action, as this Court may deem just and proper.

///

Dated:    New York, New York
          July 7th, 2009

Respectfully submitted,

By:_____

Mark Harvey Rephen (MR3384), I
M. HARVEY REPHEN & ASSOCIATES, P.C.
708 Third Avenue, 6th Floor
New York, New York 10017
Phone:    (212) 796-0930
Facsimile: (866) 832-8600

*Attorneys for the Plaintiff MONA GEORGES*

To:    HEALTHCARE REVENUE RECOVERY GROUP,LLC AND TEAMHEALTH
       1900 Winston Rd.
       Knoxville, TN 37919
       *(Via Prescribed Service)*

Clerk,
United States District Court, Eastern of New York
*(For Filing Purposes)*

8

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK          CASE NO.:

MONA GEORGES, individually and on behalf of any and all similarly situated consumers,

                    Plaintiff(s),

          -against-

HEALTHCARE RECOVERY REVENUE GROUP, LLC, and TEAMHEALTH and JOHN and/or JANE DOES 1 – 10,

                    Defendant(s).

---

# COMPLAINT

---

*M. HARVEY REPHEN & ASSOCIATES, P.C.*
*708 Third Avenue, 6th Floor*
*New York, New York 10017*
*Phone:     (212) 796-0930*
*Facsimile: (866) 832-8600*

---

9